Eugenia Bagdassarian, Esq. (SBN 334898)
Eugenia@TrialLit.com
E-Service: service@TrialLit.com
**TRIAL LIT ATTORNEYS, APC**
600 W. Broadway, Suite 235
Glendale, CA 91204
Tel: (818) 584-3500
Fax: (877) 565-0213

Attorneys for Plaintiff,
TISHAY WRIGHT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TISHAY WRIGHT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-02603-CRB<br><br>[*Hon. Charles R. Breyer*]<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL**<br><br>**<u>Action Filed</u>**<br>March 17, 2025<br>**<u>Hearing</u>**<br>Date: October 3, 2025<br>Time: 10:00 a.m.<br>CTRM: Via Zoom |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on October 3, 2025 at 10:00 a.m. in The United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Attorney Eugenia Bagdassarian, Esq. and Trial Lit Attorneys, APC ("Attorney") will and hereby does move this Court for an Order pursuant to Local Rule 11-5 permitting their withdrawal as counsel for Plaintiff Tishay Wright.

Good cause exists to grant this request. Counsel cannot disclose the specific basis for withdrawal without revealing attorney-client privileged information and/or work product, which could cause prejudice to the client. Courts recognize that in such circumstances, counsel may state that ethical obligations and good cause exist without elaborating on the confidential details. See, e.g., *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the accompanying declaration, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

**RELIEF SOUGHT**

Counsel respectfully seeks an order, pursuant to Civil Local Rule 11-5, permitting Eugenia Bagdassarian, Esq. of Trial Lit Attorneys, APC to withdraw as attorney of record for Plaintiff in this action, on the grounds that good cause exists for withdrawal as recognized under the pertinent local rule and applicable case law.

**NOTICE TO CLIENT**

**If this motion to be relieved as counsel is granted, your present attorneys will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list: a guardian; a conservator; a trustee; a personal representative; a probate fiduciary; a corporation; a guardian ad litem; an unincorporated association. If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

//

//

//

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interest or result in your losing the case.**

DATED: August 15, 2025

TRIAL LIT ATTORNEYS, APC

By *<u>/s/ Eugenia Bagdassarian, Esq.</u>*
Eugenia Bagdassarian, Esq.
*Attorney for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Civil Local Rule 11-5, Eugenia Bagdassarian, Esq. of Trial Lit Attorneys, APC respectfully moves for leave to withdraw as counsel of record for Plaintiff.

## II. LEGAL BASIS

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of the court. Civ. L.R. 11–5(a); *Darby v. City of Torrance*, 810 F.Supp. 275 (C.D.Cal.1992).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489 at *2 (E.D.Cal.2009).

Good cause exists for withdrawal under Civil Local Rule 11-5 and applicable case law. However, counsel cannot disclose the specific basis for withdrawal without revealing attorney–client privileged information and/or work product, which could cause prejudice to the client. Courts recognize that in such circumstances, counsel may state that ethical obligations and good cause exist without elaborating on the confidential details. See, e.g., *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996). Should the Court believe that it is necessary, counsel is able to provide additional details in an in-camera hearing.

This case is in its earliest stages and no trial or other trial related dates have been set. Given the procedural posture of the matter, the client is not likely to suffer prejudice as a result of counsel's withdrawal and will have adequate time to secure substitute counsel.

## III. <u>NOTICE OF MOTION</u>

As set forth in the attached declaration, this motion for leave to withdraw is made upon written notice given reasonably in advance to Plaintiff at her last known address and to all other parties who have appeared in the action. The relevant documents were also served by email to the parties who have appeared in the action.

Plaintiff has been advised of the need to retain new counsel and will diligently seek alternate representation so that this matter may continue to proceed without undue delay. In order to avoid prejudicing Plaintiff, Plaintiff's counsel respectfully requests that the Court set dates regarding the case calendar with a reasonable amount of time for Plaintiff to retain new counsel.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, and pursuant to Civil Local Rule 11-5 and applicable federal authority, counsel respectfully requests that the Court grant this Motion and permit withdrawal as counsel of record for Plaintiff.

DATED: August 15, 2025 TRIAL LIT ATTORNEYS, APC

By *<u>/s/ Eugenia Bagdassarian, Esq.</u>*
Eugenia Bagdassarian, Esq.
*Attorney for Plaintiff*

**DECLARATION OF EUGENIA BAGDASSARIAN**

I, Eugenia Bagdassarian, Esq., declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the Northern District of California. I make this declaration in support of my Motion to Withdraw as Counsel. The facts stated herein are true and correct to the best of my knowledge, information, and belief. If called upon as a witness, I could and would competently testify thereto.

2. Written and verbal notice of this Motion to Withdraw was given to the Plaintiff on August 15, 2025. I also served copies of the Motion to Withdraw and supporting documents by email and U.S. Mail to Plaintiff and by ECF and email to all parties who have appeared in this action.

3. Plaintiff has been advised of the need to retain new counsel in this matter and has been encouraged to diligently seek alternate representation so that this case may proceed without undue delay.

4. This case remains in its earliest stages. No trial date has been set, and no other trial-related deadlines have been scheduled. In light of the procedural posture, Plaintiff is unlikely to suffer prejudice from the withdrawal and will have sufficient time to secure substitute counsel.

5. Good cause exists for withdrawal under Civil Local Rule 11-5 and applicable case law. However, I cannot disclose the specific basis for withdrawal without revealing attorney–client privileged communications and/or attorney work product, which would risk prejudice to my client. If the Court determines that further information is necessary, I am prepared to provide additional details in camera.

//

//

//

6. The only scheduled hearing is a status conference to be heard on September 19, 2025 at 10:00 a.m. via Zoom.

7. Plaintiff Tishay Wright's last known address is 649 Juana Ave., San Leandro, CA 94577 and her contact information is (510)798-6654.

This declaration was executed this 15th day of August, 2025, at Los Angeles, California.

*/s/ Eugenia Bagdassarian, Esq.*
Eugenia Bagdassarian, Esq.

**PROOF OF SERVICE**
**Tishay Wright v. County of Alameda, et al.**
**Case No. 3:25-cv-02603-CRB**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 600 West Broadway, Suite 235, Glendale, CA 91204.

On August 15, 2025, I served true copies of the following document(s) described as NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL on the interested parties in this action as follows:

KEVIN P. ALLEN, Esq.
KELSEY J. MOE, Esq.
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
kallen@aghwlaw.com
kmoe@aghwlaw.com
dcostes@aghwlaw.com
tcostes@aghwlaw.com
erodas@aghwlaw.com
**Attorneys for Defendant County of Alameda**

Tishaywright@yahoo.com
649 Juana Ave.
San Leandro, CA 94577
**Plaintiff Tishay Wright**

**X** BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to be sent from e-mail address eugenia@triallit.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**X** BY MAIL: I placed a true copy of the foregoing document in a sealed envelope, addressed as set forth below, with postage fully prepaid. I then deposited the envelope with the United States Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 15, 2025, at Los Angeles, California.

/s/ Eugenia Bagdassarian
Eugenia Bagdassarian