United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

TISHAY WRIGHT,
Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,
Defendants.

Case No. 25-cv-02603-CRB (RMI)

**ORDER ON DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 57, 63

Pending before the court are the parties' Discovery Letter Briefs, Dkts. 57 & 63, referred to the undersigned by the presiding judge on November 9, 2026, Dkt. 60. For the reasons discussed below, Defendants are GRANTED leave to depose Drs. Bhatia and Borile for two hours each and are DENIED leave to depose Dr. Williams.

When leave of the court is required to take a deposition according to Federal Rule of Civil Procedure 30(a)(2), in exercising its discretion, the court must consider whether:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Fed. R. Civ. Pro. 26(b)(2)(C).

Defendants have shown good cause to depose Drs. Bhatia and Borile for a second time. Defendants have already deposed Drs. Bhatia, Borile, and Williams, and "[t]hose depositions were limited to the physicians' testimony as fact witnesses regarding their care and treatment of Plaintiff, and did not cover any expert opinions." Disc. Letter Br. 1, Dkt. 63. After those depositions, though,

Plaintiff then designated all three doctors "as non-retained experts expected to offer opinion testimony at trial regarding their treatment of Plaintiff and, for Dr. Bhatia and Dr. Borile, causation." *Id.* Plaintiff's amended disclosures designated Dr. Bhatia to testify about "her treatment, diagnosis and causation assessment"; and Dr. Borile about "her treatment of, and causation assessment for, the shoulder injury." Disc. Letter Br. 4. Based on Plaintiff's amendment of the expert disclosures, Defendants did not have opportunity to depose Drs. Bhatia and Borile regarding causation. Good cause is further supported by the fact that non-retained experts provide no written report and that Defendants stated that they "will not revisit the treatment history already covered" in the first depositions. Disc. Letter Br. 2. Regarding the duration of the second depositions, Defendants are granted two hours for each Drs. Bhatia and Boril, rather than the requested three hours, because the second depositions are limited in scope to the issue of causation.

However, good cause has not been shown to depose Dr. Williams again. In Plaintiff's amended expert disclosures, Dr. Williams is only designated as an expert "for her treatment," Disc. Letter Br. 4, which was the subject of the first deposition. *See* Disc. Letter Br. 1. And again, Defendants stated that they "will not revisit the treatment history already covered" in the first depositions, so there is no good cause to depose Dr. Williams a second time. Disc. Letter Br. 2.

In conclusion, Defendants are granted leave to depose Drs. Bhatia and Borile, but not Dr. Williams.

**IT IS SO ORDERED.**

Dated: November 18, 2026

ROBERT M. ILLMAN
United States Magistrate Judge